IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CAUSE NO. 3:17-cr-77-CWR-LRA |
| NIKOLAOS T. KOUTSOS, et al. | DEFENDANTS |

**ORDER**

Nikolaos Koutsos, James Horrisberger, and Lai Saechao were arrested and charged with crimes related to marijuana distribution.[1] On December 4, 2017, Horrisberger filed a motion to sever pursuant to Rule 14 of the Federal Rules of Criminal Procedure. He argues that severance is warranted because his speedy trial rights will be compromised by trying him and his codefendants together. Having held a hearing on the motion and reviewed the parties' arguments, the Court is ready to rule.

Rule 14 provides that a court may sever defendants' trials "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). There is a preference for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "The rule, rather than the exception, is that persons indicted together should be tried together, especially in conspiracy cases." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993). In conspiracy cases, "while the district court must guard against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998).

---

[1] On June 6, 2017, all three defendants were charged with possession of marijuana with intent to distribute, conspiracy to possess marijuana with intent to distribute, and interstate transportation in aid of racketeering. The defendants first appeared before the Court on June 13, 2017.

The Speedy Trial Act requires that a court conduct a defendant's trial within 70 days of the indictment or when the defendant first appears before the court, whichever is later. 18 U.S.C. § 3161. The statute provides for some instances of tolling the 70-day clock. *United States v. Parker*, 505 F.3d 323, 326 (5th Cir. 2007). Section 3161(h)(6) allows for the exclusion of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). This means that "the excludable delay for one codefendant may be attributable to all codefendants." *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007).

The period of delay must be reasonable. *Id*. The court can measure the reasonableness of the delay in reference to either (1) the totality of the circumstances prior to trial or (2) the actual prejudice suffered by the defendant as a result of the delay. *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998). "With respect to the prejudice analysis, relevant considerations include whether the delay impaired the appellant's ability to defend himself or resulted in excessive pretrial incarceration." *Id*.

On September 1, 2017, the Court granted a continuance to Saechao and Koutsos, who sought more time to review discovery. Following the pretrial conference on November 29, 2017, the Court granted a second continuance to Saechao and Koutsos because their attorneys had conflicts with the trial setting of December 5, 2017 and needed additional time to review discovery that the government turned over that day. Horrisberger asserts that severance is warranted because he has opposed the continuances granted in this matter and is "sitting in jail, ready and waiting for his trial to begin." Docket No. 65 at 4.

The Court concludes that the time elapsed since Horrisberger's first appearance before the Court on June 13, 2017 is "reasonable" under § 3161(h)(6). The minimal delay in this case

has resulted from Horrisberger's codefendants seeking additional time for trial preparation. Horrisberger fails to demonstrate that the delay has impaired his ability to defend himself in any way or that his pretrial incarceration is unreasonably excessive. The utility of a joint trial is particularly compelling here, as the defendants were charged with a single conspiracy "so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *Franklin*, 148 F.3d at 457 (quotation marks and citation omitted).

Accordingly, the Court finds that Horrisberger's speedy trial rights will not be violated by trying the defendants together. The motion to sever is DENIED.

**SO ORDERED**, this the 4th day of January, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE